IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO, H57647, | ) |
| Plaintiff(s), | ) No. C 16-4216 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| EDWARD M. CHEN, Judge, et al., | ) |
| Defendant(s). | ) |

    Plaintiff, a prisoner at California State Prison, Corcoran, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (and arguably <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971)) alleging wrongdoing by various federal judges and state government defense attorneys in connection with a pending § 1983 prisoner action of his in this court, <u>Toscano v. Lewis</u>, No. C 12-5893 EMC (N.D. Cal. filed Nov. 19, 2012). Plaintiff specifically alleges that the presiding district and magistrate judges (Chen, J., and Vadas, M.J.), and state government defense attorneys, fabricated orders and/or misrepresented facts in the course of the proceedings to the detriment of plaintiff (including the partial grant of summary judgment in favor of some defendants). Plaintiff further alleges that Chief Circuit Judge Thomas, and the various district and circuit judges on the Judicial Council of the Ninth Circuit who denied his judicial misconduct complaints against Judge Chen and Magistrate Judge Vadas, also fabricated orders and/or misrepresented facts to his detriment.

    Plaintiff seeks declaratory, injunctive and monetary relief.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a state actor. West v. Atkins, 487 U.S. 42, 48 (1988).

To state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and its progeny, plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

B.    Legal Claims

It is well established that a federal judge is absolutely immune from damages for acts performed in his or her judicial capacity and that, unlike the judicial immunity available to state judges sued in federal court under § 1983, a federal judge's judicial immunity extends to actions for declaratory, injunctive and other equitable relief. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th

2

Cir. 1996); Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1394 (9th Cir. 1987). This is because, if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code. See id. (also noting that allowing action for declaratory and injunctive relief against federal judges entitled to immunity from damages would engender unnecessary confusion and multiplicity of litigation). Because it is plain from the face of the complaint and judicially noticeable facts that all named federal judges "were engaged in judicial . . . acts and were not acting in the clear absence of all jurisdiction, they are absolutely immune from damages and from declaratory and injunctive relief." Id. Plaintiff's claims for damages and for declaratory and injunctive relief against the named federal judges accordingly are dismissed under the authority of 28 U.S.C. § 1915A(b).

Plaintiff's claims for declaratory and injunctive relief against the state government defense attorneys in plaintiff's pending § 1983 action before Judge Chen must be dismissed as well. To permit this court to grant declaratory and/or injunctive relief in plaintiff's pending § 1983 action before Judge Chen would be to permit, in essence, a "horizontal appeal" from one district court to another, and "[s]uch collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." Mullis, 828 F.2d at 1393. This court also lacks authority to issue a writ of mandamus or equivalent to another district court. Id.

It's not entirely clear whether the same rationale also should bar plaintiff's claim for damages against the state government defense attorneys, but because Judge Chen necessarily rejected the underlying issue in plaintiff's claim – that the government defense attorneys misrepresented the facts in their motion for

summary judgment – when he partially ruled against plaintiff in plaintiff's pending case, plaintiff is precluded from relitigating the same issue here under the doctrine of law of the case.  See Hall v. City of Los Angeles, 697 F.3d 1059, 1060 (9th Cir. 2012) (law of the case doctrine  precludes court from reconsidering issue decided previously by same court or by higher court in that case; issue must have been decided explicitly or by necessary implication in previous disposition).  Plaintiff's claims for damages and for declaratory and injunctive relief against the named state government defense attorneys accordingly are dismissed under the authority of 28 U.S.C. § 1915A(b).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: August 23, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Toscano, B.16-4216.dismissal.wpd

4